962 F.2d 1076
 295 U.S.App.D.C. 284
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Martin C. LATINSKY, Appellant,
v.
Susan S. ENGELEITER, Administrator, U.S. Small Business
Administration, et al., Appellees.
 No. 90-5342.
 United States Court of Appeals, District of Columbia Circuit.
 May 20, 1992.
 
 Before HARRY T. EDWARDS, BUCKLEY and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record and on the briefs and oral argument of counsel. The Court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.R. 14(c). For the reasons set forth in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the judgment of dismissal is reversed as to count "A" only. We remand with the instruction that the Small Business Administration be ordered to give Latinsky a "name-clearing hearing."
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. See D.C.Cir.R. 15(b)(2).
 
 Memorandum
 
 4
 Martin C. Latinsky appeals from a judgment of dismissal issued by the United States District Court. Appellant's complaint states a claim for deprivation of a liberty interest, and Latinsky is entitled to prevail on that claim on the record and the undisputed facts of the case.
 
 
 5
 The Small Business Administration (SBA) terminated his employment as an attorney in the SBA's Office of Finance and Investment Disaster Assistance Division. Upon terminating him, the SBA typed solely the word "Misconduct" after "Reason(s) for Termination" on his Standard Form 50-B Notification of Personnel Action and did not elaborate on the conduct that lay behind the charge. Appellant requested a hearing and the SBA denied it.
 
 
 6
 Latinsky argues that this use of the term "misconduct" stigmatizes his reputation as an attorney in such a way as to foreclose future employment opportunities, thus satisfying the requirements for showing a deprivation of a liberty interest. The SBA counters that no stigma attaches to constitute a claim of breach of liberty interest as the word "misconduct" might simply refer to "job performance." We agree with Latinsky.
 
 
 7
 It is clear that the use of the term "misconduct" implies that Latinsky was unfit for service as an attorney with the Small Business Administration. On its face, the unexplained charge of misconduct admits of some "dishonest act," BLACK'S LAW DICTIONARY 901 (5th ed. 1979), or "malfeasance," WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1443 (1961), attributes which are professionally stigmatizing, particularly for a lawyer, under settled law. See Doe v. United States Dep't of Justice, 753 F.2d 1092, 1111 (D.C.Cir.1985).
 
 
 8
 The consequence of the stigmatizing charge will be to limit Latinsky's chances of obtaining future federal employment. This is true as both a legal and a practical matter. According to Office of Personnel Management Civil Service Regulations, federal agencies may disqualify an applicant for appointment in excepted service if that applicant has been "[d]ismiss[ed] from employment for ... misconduct." The text of the relevant regulation reads in pertinent part:
 
 
 9
 The qualification standards established by an agency or by an administrative level or subdivision of an agency may provide that certain reasons disqualify an applicant for appointment. The following, among others, may be included as disqualifying reasons: (1) Dismissal from employment for ... misconduct.
 
 
 10
 5 C.F.R. § 302.203(a)(1) (1991). Although this regulation by its terms does not require federal agencies to disqualify candidates from employment in whose records appears a characterization of "misconduct," it does authorize such disqualification. In practical effect, this term in an attorney's personnel file will disadvantage him in job applications when competing with persons otherwise similarly situated, since potential employers may well choose not to consider Latinsky based solely upon the stigmatizing connotations embodied in the term "misconduct."
 
 
 11
 Although it may be that the SBA could have stated the reason for Latinsky's termination in a non-stigmatizing way, it did not do so here. When a plaintiff shows a change in employment status that forecloses future employment and shows a resulting stigma against his reputation that hampers future employment opportunities, he is entitled to a name-clearing hearing. See Doe v. United States Dep't of Justice, 753 F.2d at 1102, 1112-14. Accordingly, Latinsky is entitled to a name-clearing hearing. Appellant's right to a hearing does not, however, necessarily contemplate a trial-type hearing. Codd v. Velger, 429 U.S. 624, 627-28 (1977). If he still has a grievance after the hearing, Latinsky might explore the Access to Records provision under the Privacy Act of 1974. 5 U.S.C. § 552a(d)(2) & (3).