962 F.2d 1076
 295 U.S.App.D.C. 284
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Joseph P. CONNORS, Sr., et al., Appellees,
v.
BARRICK GOLD EXPLORATION, INC., Appellant.
 No. 91-7073.
 United States Court of Appeals, District of Columbia Circuit.
 June 4, 1992.
 
 Before MIKVA, Chief Judge, RUTH BADER GINSBURG and KAREN LECRAFT HENDERSON, Circuit Judges
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on appeal from the United States District Court for the District of Columbia and on the briefs filed by the parties and arguments by counsel. The arguments have been accorded full consideration by the court and occasion no need for a published opinion. See D.C.Cir.Rule 14(c).
 
 
 2
 Under ERISA, an employer has withdrawn from a multiemployer pension plan when it meets one of two alternative conditions: (1) the employer "permanently ceased to have an obligation to contribute under the plan," or (2) the employer "permanently ceased all covered operations under the plan." 29 U.S.C. § 1383(a). The district court, reversing an arbitrator's decision, ruled that appellant Barrick Gold Exploration, Inc., withdrew from a multiemployer pension plan in April 1987 when the company ceased producing coal. Because the parties' collective bargaining agreement links Barrick Gold's contributions to the amount of coal produced, the district court reasoned, Barrick Gold's "obligation to contribute" ceased in April 1987 and, under ERISA, the employer therefore withdrew from the pension plan on that date, even though it continued reclamation operations for another 18 months.
 
 
 3
 Appellant first attacks the district court's decision on procedural grounds. In appellant's view, the district court should not have considered ERISA's "obligation to contribute" withdrawal condition because the arbitrator rested on the "covered operations" condition, the condition the parties debated during arbitration. We disagree. The arbitrator considered the general issue the parties presented to it: "Did [Barrick Gold] withdraw from the UMWA 1950 Pension Plan in April, 1987 or October, 1988?" Barrick Gold Exploration Inc. v. UMWA 1950 Pension Plan, AAA Case No. 16-621-0004-89S at 1 (Jan. 18, 1990) (Graham, Arb.) That the arbitrator and the parties dwelt on one subsection of ERISA's provision governing the issue presented does not deprive the district court of its power to consider the other subsection in applying that provision. In rejecting appellant's waiver-like arguments, we note also that the arbitrator in fact addressed the "obligation to contribute" withdrawal condition, albeit briefly, see id. at 13, and that the parties submitted the case to the arbitrator on undisputed, stipulated facts.
 
 
 4
 On the substance of the statute's application to the agreed-upon facts, appellant maintains that the correct withdrawal date is October 1988 even under ERISA's "obligation to contribute" withdrawal condition. We disagree and affirm, essentially for the reasons contained in the district court's memorandum opinion. Connors v. Barrick Gold Exploration, Inc., C.A. No. 90-0173 (D.D.C. Apr. 10, 1991).
 
 
 5
 ORDERED and ADJUDGED that the district court's ruling is affirmed.
 
 
 6
 The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.